## FRANCES MONTGOMERY v. J. P. MURRAY'S ADM'RS.

**Averments of Administrator's Appointment.**

 Before one can maintain an action as administrator he must allege that the court having jurisdiction to appoint administrators has appointed him, and that he has executed the required bond, and accepted the trust.

### APPEAL FROM ADAIR CIRCUIT COURT.

March 22, 1879.

OPINION BY JUDGE ELLIOTT:

This action was brought by the appellees as administrators of James P. Murray, in the Adair Circuit Court, and on hearing they obtained judgment by default on a note for about $500 and a sale of some mortgaged lands for its payment.

The only allegations that appellees have a right to sue as administratrix and administrator of James P. Murray are the following:

"The plaintiffs, E. A. Murray and T. D. Todd, state that on the —— day of ——, 18—, James P. Murray departed this life intestate, and that on the 17th day of March, 1877, they were duly appointed as administrators, and they executed bond and took oath as required by law."

The statement by appellees that they were duly appointed administrators of J. P. Murray is a mere conclusion of law. Before they can sustain an action as Murray's administrators, they must allege that the court, having jurisdiction to appoint administrators, has appointed them, and that they executed the required bond and accepted the trust.

The petition fails to show that any tribunal legally authorized to do so has appointed the appellees to the fiduciary position assumed in this action. They do not even state where James P. Murray died domiciled, so that the court could determine where administration should have been had on his estate. The plaintiffs therefore failed to allege facts which authorized them to sue in the assumed fiducial character.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*T. C. Winfrey, for appellant. Rhom & Jones, for appellees.*